**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| **511 INNOVATIONS, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SAMSUNG TELECOMMUNICATIONS AMERICA,** | § | **Civil Action No. 2:15-cv-1526** |
| **LLC; SAMSUNG ELECTRONICS AMERICA,** | § | |
| **INC.; SAMSUNG ELECTRONICS CO., LTD.;** | § | **JURY TRIAL DEMANDED** |
| **HUAWEI TECHNOLOGIES USA INC.; HUAWEI** | § | |
| **DEVICE USA INC.; HUAWEI TECHNOLOGIES** | § | |
| **CO., LTD; ZTE (USA) INC.; ZTE CORPORATION;** | § | |
| **AMS-TAOS USA INC.; and AMS AG,** | § | |
| | § | |
| *Defendants.* | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW Plaintiff 511 Innovations, Inc. ("511 Innovations") and files this Original

Complaint for Patent Infringement against Defendants Samsung Telecommunications America,

LLC, Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (collectively the

"Samsung Defendants"); Huawei Technologies USA Inc., Huawei Device USA Inc., and

Huawei Technologies Co., Ltd. (collectively the "Huawei Defendants"); ZTE (USA) Inc. and

ZTE Corporation (collectively the "ZTE Defendants"); and AMS-TAOS USA Inc. (formerly

known as Texas Advanced Optoelectronics Solutions, Inc.) and ams AG (collectively the "AMS

Defendants"), alleging as follows:

## I.  NATURE OF THE SUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## II.  THE PARTIES

2.      Plaintiff **511 Innovations, Inc.** is a Texas corporation that maintains its principal place of business in Marshall, Texas.

3.      Defendant **Samsung Telecommunications America, LLC** is a Delaware limited liability company that does business in Texas and maintains its principal place of business in Richardson, Texas.

4.      Defendant **Samsung Electronics America, Inc.** is a New York corporation that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Ridgefield Park, New Jersey.

5.      Defendant **Samsung Electronics Co., Ltd.** is a Korean company that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Seoul, Korea.

6.      Defendant **Huawei Technologies USA Inc.** is a Texas corporation that does business in Texas and maintains its principal place of business in Plano, Texas.

7.      Defendant **Huawei Device USA Inc.** is a Texas corporation that does business in Texas and maintains its principal place of business in Plano, Texas.

8.      Defendant **Huawei Technologies Co., Ltd.** is a Chinese company that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Shenzhen, China.

9.      Defendant **ZTE (USA) Inc.** is a New Jersey corporation that does business in Texas and maintains its principal place of business in Richardson, Texas.

10.     Defendant **ZTE Corporation** is a Chinese company that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Shenzhen, China.

11.     Defendant **AMS-TAOS USA Inc.** ("AMS-TAOS") is a Nevada corporation that does business in Texas and maintains its principal place of business in Plano, Texas.

12.     Defendant AMS-TAOS USA Inc. is formerly known as Texas Advanced Optoelectronics Solutions, Inc.

13.     Defendant **ams AG** is an Austrian company that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Unterpremstaetten, Austria.

## III.  JURISDICTION AND VENUE

14.     This action arises under the patent laws of the United States, Title 35 of the United States Code.   Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     This Court has general personal jurisdiction over Defendant Samsung Telecommunications America, LLC by virtue of Samsung Telecommunications America, LLC maintaining its principal place of business in this State.

16.     This Court has general personal jurisdiction over Defendant Huawei Technologies USA Inc. by virtue of Huawei Technologies USA Inc.'s incorporation in this State and also by virtue of Huawei Technologies USA Inc. maintaining its principal place of business in this State.

17.     This Court has general personal jurisdiction over Defendant Huawei Device USA Inc. by virtue of Huawei Device USA Inc.'s incorporation in this State and also by virtue of Huawei Device USA Inc. maintaining its principal place of business in this State.

18.     This Court has general personal jurisdiction over Defendant ZTE (USA) Inc. by virtue of ZTE (USA) Inc. maintaining its principal place of business in this State.

19.     This Court has general personal jurisdiction over Defendant AMS-TAOS by virtue of AMS-TAOS maintaining its principal place of business in this State.

20.     This Court has specific personal jurisdiction over all Defendants pursuant to due process and the Texas Long Arm Statute because each Defendant, directly or through intermediaries, has conducted and does conduct substantial business in this forum, such substantial business including but not limited to:  (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

21.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.  Furthermore, venue is proper because each Defendant, directly or through intermediaries, sells and offers to sell infringing products to persons in this District, as discussed below.  Each of Defendants' infringing acts in this District gives rise to proper venue.

## IV.  BACKGROUND

### A.    The Asserted Patents

22.    This cause of action asserts infringement of United States Patent Nos. 6,307,629 B1;   6,490,038 B1;   7,113,283 B2;   6,915,955 B2;   7,110,096 B2;   7,397,541 B2; 8,472,012 B2; and 8,786,844 B2 (collectively, the "Asserted Patents").

23.    A true and correct copy of United States Patent No. 6,307,629 B1 (the "'629 Patent"), entitled "Apparatus and Method for Measuring Optical Characteristics of an Object," is attached hereto as Exhibit A.

24.    511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '629 Patent, which duly and legally issued on October 23, 2001, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '629 Patent.

25.    A true and correct copy of United States Patent No. 6,490,038 B1 (the "'038 Patent"), entitled "Apparatus and Method for Measuring Optical Characteristics of an Object," is attached hereto as Exhibit B.

26.    511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '038 Patent, which duly and legally issued on December 3, 2002, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '038 Patent.

27.    A true and correct copy of United States Patent No. 7,113,283 B2 (the "'283 Patent"), entitled "Apparatus and Method for Measuring Color," is attached hereto as Exhibit C.

28.    511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '283 Patent, which duly and legally issued on September 26, 2006, with Wayne

D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '283 Patent.

29.     A true and correct copy of United States Patent No. 6,915,955 B2 (the "'955 Patent"), entitled "Apparatus for Determining Multi-Bit Data via Light Received by a Light Receiver and Coupled to Spectral Sensors That Measure Light in Spectral Bands," is attached hereto as Exhibit D.

30.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '955 Patent, which duly and legally issued on July 12, 2005, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '955 Patent.

31.     A true and correct copy of United States Patent No. 7,110,096 B2 (the "'096 Patent"), entitled "Method for Determining Optical Characteristics Through a Protective Barrier," is attached hereto as Exhibit E.

32.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '096 Patent, which duly and legally issued on September 19, 2006, with Wayne D. Jung, Russell W. Jung, and Alan R. Laudermilk [sic] as the named inventors.   511 Innovations has standing to sue for infringement of the '096 Patent.

33.     A true and correct copy of United States Patent No. 7,397,541 B2 (the "'541 Patent"), entitled "Apparatus and Method for Measuring Optical Characteristics of an Object," is attached hereto as Exhibit F.

34.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '541 Patent, which duly and legally issued on July 8, 2008, with Wayne D.

Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '541 Patent.

35.     A true and correct copy of United States Patent No. 8,472,012 B2 (the "'012 Patent"), entitled "Apparatus Having a First Optical Sensor Making a First Measurement to Detect Position and a Second Optical Sensor Making a Second Measurement," is attached hereto as Exhibit G.

36.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '012 Patent, which duly and legally issued on June 25, 2013, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '012 Patent.

37.     A true and correct copy of United States Patent No. 8,786,844 B2 (the "'844 Patent"), entitled "Apparatus for Measuring Optical Characteristics Including Position Detection," is attached hereto as Exhibit H.

38.     511 Innovations is the current owner by assignment of all rights, title, and interest in and under the '844 Patent, which duly and legally issued on July 22, 2014, with Wayne D. Jung, Russell W. Jung, and Alan R. Loudermilk as the named inventors.  511 Innovations has standing to sue for infringement of the '844 Patent.

**B.     The Samsung Defendants**

39.     The Samsung Defendants, directly or through intermediaries, make, use, sell, or offer to sell within the United States, or import into the United States, mobile telephones, including but not limited to the Samsung Galaxy Note 4 (the "Samsung Accused Products").

40.     The Samsung Defendants, directly or through intermediaries, purposefully and voluntarily place the Samsung Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

41.     The Samsung Accused Products are sold and offered for sale in this District.

**C.     The Huawei Defendants**

42.     The Huawei Defendants, directly or through intermediaries, make, use, sell, or offer to sell within the United States, or import into the United States, mobile telephones, including but not limited to the Huawei Ascend Mate 2 (the "Huawei Accused Products").

43.     The Huawei Defendants, directly or through intermediaries, purposefully and voluntarily place the Huawei Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

44.     The Huawei Accused Products are sold and offered for sale in this District.

**D.     The ZTE Defendants**

45.     The ZTE Defendants, directly or through intermediaries, make, use, sell, or offer to sell within the United States, or import into the United States, mobile telephones, including but not limited to the ZTE ZMAX (the "ZTE Accused Products").

46.     The ZTE Defendants, directly or through intermediaries, purposefully and voluntarily place the ZTE Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

47.     The ZTE Accused Products are sold and offered for sale in this District.

**E.     The AMS Defendants**

48.     The Samsung Accused Products, the Huawei Accused Products, and the ZTE Accused Products incorporate light sensors, including but not limited to TMG3992 and

TMD2771 sensors, that are made and/or sold, directly or through intermediaries, by the AMS Defendants (the "AMS Accused Products").

49.    By making and/or selling the AMS Accused Products for inclusion in the Samsung Accused Products, the Huawei Accused Products, and the ZTE Accused Products, the AMS Defendants, directly or through intermediaries, purposefully and voluntarily place the AMS Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

**F.    JJL and Spectral Sensors**

50.    From July 27, 2007, through September 12, 2013, JJL Technologies, LLC ("JJL") was the owner by assignment of the then-existing Asserted Patents and their families, including related then-pending applications.

51.    JJL acquired the Asserted Patents and their families from LJ Laboratories LLC, an entity that had been formed to protect inventions resulting from research conducted by or on behalf of JJL.

52.    JJL was a pioneer in low-cost, handheld color measurement and optical sensing technologies and products.  JJL conceived, developed, produced, and sold its own products, which included world market-leading spectrophotometers for measuring teeth, skin, and other materials.

53.    JJL's inventions have resulted in over eighty patents throughout the world.  These patents include systems and methods for measuring multiple optical properties and for detecting position through transparent barriers.

54.    In 2013, JJL transferred its intellectual property, including the Asserted Patents and their families, to 511 Innovations, which in turn licensed that intellectual property to Spectral

Sensors Inc. ("Spectral Sensors"), a Texas corporation having its principal place of business in Marshall, Texas, to continue research, development, and manufacturing of optical sensing products.  Since that time, Spectral Sensors has conducted such activities in Marshall, Texas.

55.    At all relevant times, JJL and Spectral Sensors have complied with the marking requirements set forth in 35 U.S.C. § 287.

**G.    The AMS Defendants' Dealings with JJL and Spectral Sensors**

56.    Since AMS-TAOS's formation in the 1990s, and subsequent to its acquisition by ams AG in 2011, AMS-TAOS has sold optical sensors, including light-to-frequency-converter-based sensors, to JJL and/or Spectral Sensors for use in JJL's and Spectral Sensors's products.

57.    JJL and Spectral Sensors used the optical sensors purchased from AMS-TAOS to conduct research and development and to make optical measurement products.

58.    JJL's and Spectral Sensors's research and product development included integrating filters with light-to-frequency-converter-based sensors purchased from AMS-TAOS to make cost-effective optical sensing technologies that could be incorporated into handheld devices such as JJL's and Spectral Sensors's spectrophotometers.

59.    JJL's and Spectral Sensors's modification and use of the optical sensors purchased from AMS-TAOS incorporate principles taught by the Asserted Patents.

60.    Recognizing the value and contributions of JJL, over numerous years and as recently as 2012, the AMS Defendants engaged JJL in discussions concerning the AMS Defendants potentially acquiring JJL.

61.    As part of the discussions concerning the AMS Defendants' potential acquisition of JJL, JJL disclosed to the AMS Defendants the existence and contents of JJL's patents, including the Asserted Patents.

62.     Upon information and belief, the AMS Defendants had further knowledge of JJL's patents, including the Asserted Patents, based on information it received from other customers of AMS-TAOS and ams AG.

63.     As part of the discussions concerning the AMS Defendants' potential acquisition of JJL, JJL also disclosed to the AMS Defendants technical know-how and benefits concerning customizing light-to-frequency converter-based products using optical filters, as taught and claimed by the Asserted Patents.

## V.  CLAIMS – SAMSUNG DEFENDANTS

64.     Based on the above-described services and products, 511 Innovations asserts several causes of action against the Samsung Defendants.  These causes of action are detailed as follows.

## A.     Infringement of the '629 Patent

65.     The allegations of paragraphs 1-64 above are incorporated by reference as if fully set forth herein.

66.     The Samsung Accused Products are covered by at least claim 1 of the '629 Patent.

67.     The Samsung Defendants have directly infringed and continue to infringe at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Samsung Accused Products in the United States, or importing the Samsung Accused Products into the United States.

68.     Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively inducing infringement of at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(b).  The Samsung Defendants'

inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Samsung Accused Products within the United States by supplying the Samsung Accused Products to consumers within the United States and instructing such consumers how to use the Samsung Accused Products, which the Samsung Defendants know or should know infringe at least claim 1 of the '629 Patent.

69.     Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively contributing to infringement of at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(c).   The Samsung Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Samsung Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '629 Patent, knowing the Samsung Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '629 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**B.     Infringement of the '038 Patent**

70.     The allegations of paragraphs 1-69 above are incorporated by reference as if fully set forth herein.

71.     The Samsung Accused Products are covered by at least claim 127 of the '038 Patent.

72.     The Samsung Defendants have directly infringed and continue to infringe at least claim 127 of the '038 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell

the Samsung Accused Products in the United States, or importing the Samsung Accused Products into the United States.

73.     Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively inducing infringement of at least claim 127 of the '038 Patent in violation of 35 U.S.C. § 271(b). The Samsung Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Samsung Accused Products within the United States by supplying the Samsung Accused Products to consumers within the United States and instructing such consumers how to use the Samsung Accused Products, which the Samsung Defendants know or should know infringe at least claim 127 of the '038 Patent.

74.     Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively contributing to infringement of at least claim 127 of the '038 Patent in violation of 35 U.S.C. § 271(c). The Samsung Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Samsung Accused Products, which constitute a material part of the invention recited in at least claim 127 of the '038 Patent, knowing the Samsung Accused Products to be especially made or especially adapted for use in an infringement of at least claim 127 of the '038 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## C.     Infringement of the '283 Patent

75.     The allegations of paragraphs 1-74 above are incorporated by reference as if fully set forth herein.

76.     The Samsung Accused Products are covered by at least claim 1 of the '283 Patent.

77.     The Samsung Defendants have directly infringed and continue to infringe at least claim 1 of the '283 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Samsung Accused Products in the United States, or importing the Samsung Accused Products into the United States.

78.     Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively inducing infringement of at least claim 1 of the '283 Patent in violation of 35 U.S.C. § 271(b).  The Samsung Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Samsung Accused Products within the United States by supplying the Samsung Accused Products to consumers within the United States and instructing such consumers how to use the Samsung Accused Products, which the Samsung Defendants know or should know infringe at least claim 1 of the '283 Patent.

79.     Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively contributing to infringement of at least claim 1 of the '283 Patent in violation of 35 U.S.C. § 271(c).  The Samsung Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Samsung Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '283 Patent, knowing the Samsung Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '283 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**D.      Infringement of the '955 Patent**

80.      The allegations of paragraphs 1-79 above are incorporated by reference as if fully set forth herein.

81.      The Samsung Accused Products are covered by at least claim 1 of the '955 Patent.

82.      The Samsung Defendants have directly infringed and continue to infringe at least claim 1 of the '955 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Samsung Accused Products in the United States, or importing the Samsung Accused Products into the United States.

83.      Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively inducing infringement of at least claim 1 of the '955 Patent in violation of 35 U.S.C. § 271(b).  The Samsung Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Samsung Accused Products within the United States by supplying the Samsung Accused Products to consumers within the United States and instructing such consumers how to use the Samsung Accused Products, which the Samsung Defendants know or should know infringe at least claim 1 of the '955 Patent.

84.      Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively contributing to infringement of at least claim 1 of the '955 Patent in violation of 35 U.S.C. § 271(c).  The Samsung Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Samsung Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '955

Patent, knowing the Samsung Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '955 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**E.    Infringement of the '096 Patent**

85.    The allegations of paragraphs 1-84 above are incorporated by reference as if fully set forth herein.

86.    The Samsung Accused Products are covered by at least claim 1 of the '096 Patent.

87.    The Samsung Defendants have directly infringed and continue to infringe at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Samsung Accused Products in the United States, or importing the Samsung Accused Products into the United States.

88.    Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively inducing infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(b).  The Samsung Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Samsung Accused Products within the United States by supplying the Samsung Accused Products to consumers within the United States and instructing such consumers how to use the Samsung Accused Products, which the Samsung Defendants know or should know infringe at least claim 1 of the '096 Patent.

89.    Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively contributing to infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(c).  The

Samsung Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Samsung Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '096 Patent, knowing the Samsung Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '096 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**F.     Infringement of the '541 Patent**

90.     The allegations of paragraphs 1-89 above are incorporated by reference as if fully set forth herein.

91.     The Samsung Accused Products are covered by at least claim 1 of the '541 Patent.

92.     The Samsung Defendants have directly infringed and continue to infringe at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Samsung Accused Products in the United States, or importing the Samsung Accused Products into the United States.

93.     Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively inducing infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(b).  The Samsung Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Samsung Accused Products within the United States by supplying the Samsung Accused Products to consumers within the United States and instructing such consumers how to use the Samsung Accused Products, which the Samsung Defendants know or should know infringe at least claim 1 of the '541 Patent.

94.     Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively contributing to infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(c).  The Samsung Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Samsung Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '541 Patent, knowing the Samsung Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '541 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## G.      Infringement of the '012 Patent

95.     The allegations of paragraphs 1-94 above are incorporated by reference as if fully set forth herein.

96.     The Samsung Accused Products are covered by at least claim 1 of the '012 Patent.

97.     The Samsung Defendants have directly infringed and continue to infringe at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Samsung Accused Products in the United States, or importing the Samsung Accused Products into the United States.

98.     Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively inducing infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(b).  The Samsung Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Samsung Accused Products within the United States

by supplying the Samsung Accused Products to consumers within the United States and instructing such consumers how to use the Samsung Accused Products, which the Samsung Defendants know or should know infringe at least claim 1 of the '012 Patent.

99. Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively contributing to infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(c). The Samsung Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Samsung Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '012 Patent, knowing the Samsung Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '012 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## H. Infringement of the '844 Patent

100. The allegations of paragraphs 1-99 above are incorporated by reference as if fully set forth herein.

101. The Samsung Accused Products are covered by at least claim 1 of the '844 Patent.

102. The Samsung Defendants have directly infringed and continue to infringe at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Samsung Accused Products in the United States, or importing the Samsung Accused Products into the United States.

103. Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively inducing infringement of at

least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(b).  The Samsung Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Samsung Accused Products within the United States by supplying the Samsung Accused Products to consumers within the United States and instructing such consumers how to use the Samsung Accused Products, which the Samsung Defendants know or should know infringe at least claim 1 of the '844 Patent.

104.    Further and in the alternative, at least since the filing and service of this Complaint, the Samsung Defendants have been and now are actively contributing to infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(c).  The Samsung Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Samsung Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '844 Patent, knowing the Samsung Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '844 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## VI.  CLAIMS – HUAWEI DEFENDANTS

105.    Based on the above-described services and products, 511 Innovations asserts several causes of action against the Huawei Defendants.  These causes of action are detailed as follows.

### A.    Infringement of the '629 Patent

106.    The allegations of paragraphs 1-105 above are incorporated by reference as if fully set forth herein.

107.    The Huawei Accused Products are covered by at least claim 1 of the '629 Patent.

108.    The Huawei Defendants have directly infringed and continue to infringe at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Huawei Accused Products in the United States, or importing the Huawei Accused Products into the United States.

109.    Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively inducing infringement of at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(b).  The Huawei Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Huawei Accused Products within the United States by supplying the Huawei Accused Products to consumers within the United States and instructing such consumers how to use the Huawei Accused Products, which the Huawei Defendants know or should know infringe at least claim 1 of the '629 Patent.

110.    Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively contributing to infringement of at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(c).  The Huawei Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Huawei Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '629 Patent, knowing the Huawei Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '629 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**B.      Infringement of the '096 Patent**

111.    The allegations of paragraphs 1-110 above are incorporated by reference as if fully set forth herein.

112.    The Huawei Accused Products are covered by at least claim 1 of the '096 Patent.

113.    The Huawei Defendants have directly infringed and continue to infringe at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Huawei Accused Products in the United States, or importing the Huawei Accused Products into the United States.

114.    Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively inducing infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(b).  The Huawei Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Huawei Accused Products within the United States by supplying the Huawei Accused Products to consumers within the United States and instructing such consumers how to use the Huawei Accused Products, which the Huawei Defendants know or should know infringe at least claim 1 of the '096 Patent.

115.    Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively contributing to infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(c).  The Huawei Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Huawei Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '096 Patent, knowing

the Huawei Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '096 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## C.   Infringement of the '541 Patent

116.   The allegations of paragraphs 1-115 above are incorporated by reference as if fully set forth herein.

117.   The Huawei Accused Products are covered by at least claim 1 of the '541 Patent.

118.   The Huawei Defendants have directly infringed and continue to infringe at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Huawei Accused Products in the United States, or importing the Huawei Accused Products into the United States.

119.   Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively inducing infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(b).  The Huawei Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Huawei Accused Products within the United States by supplying the Huawei Accused Products to consumers within the United States and instructing such consumers how to use the Huawei Accused Products, which the Huawei Defendants know or should know infringe at least claim 1 of the '541 Patent.

120.   Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively contributing to infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(c).   The Huawei

Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Huawei Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '541 Patent, knowing the Huawei Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '541 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**D.      Infringement of the '012 Patent**

121.    The allegations of paragraphs 1-120 above are incorporated by reference as if fully set forth herein.

122.    The Huawei Accused Products are covered by at least claim 1 of the '012 Patent.

123.    The Huawei Defendants have directly infringed and continue to infringe at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Huawei Accused Products in the United States, or importing the Huawei Accused Products into the United States.

124.    Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively inducing infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(b).  The Huawei Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Huawei Accused Products within the United States by supplying the Huawei Accused Products to consumers within the United States and instructing such consumers how to use the Huawei Accused Products, which the Huawei Defendants know or should know infringe at least claim 1 of the '012 Patent.

125.    Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively contributing to infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(c).   The Huawei Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Huawei Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '012 Patent, knowing the Huawei Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '012 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## E.    Infringement of the '844 Patent

126.    The allegations of paragraphs 1-125 above are incorporated by reference as if fully set forth herein.

127.    The Huawei Accused Products are covered by at least claim 1 of the '844 Patent.

128.    The Huawei Defendants have directly infringed and continue to infringe at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the Huawei Accused Products in the United States, or importing the Huawei Accused Products into the United States.

129.    Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively inducing infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(b).   The Huawei Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Huawei Accused Products within the United States by

supplying the Huawei Accused Products to consumers within the United States and instructing such consumers how to use the Huawei Accused Products, which the Huawei Defendants know or should know infringe at least claim 1 of the '844 Patent.

130.   Further and in the alternative, at least since the filing and service of this Complaint, the Huawei Defendants have been and now are actively contributing to infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(c).   The Huawei Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the Huawei Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '844 Patent, knowing the Huawei Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '844 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## VII.  CLAIMS – ZTE DEFENDANTS

131.   Based on the above-described services and products, 511 Innovations asserts several causes of action against the ZTE Defendants.   These causes of action are detailed as follows.

**A.     Infringement of the '629 Patent**

132.   The allegations of paragraphs 1-131 above are incorporated by reference as if fully set forth herein.

133.   The ZTE Accused Products are covered by at least claim 1 of the '629 Patent.

134.   The ZTE Defendants have directly infringed and continue to infringe at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell

the ZTE Accused Products in the United States, or importing the ZTE Accused Products into the United States.

135.    Further and in the alternative, at least since the filing and service of this Complaint, the ZTE Defendants have been and now are actively inducing infringement of at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(b).  The ZTE Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the ZTE Accused Products within the United States by supplying the ZTE Accused Products to consumers within the United States and instructing such consumers how to use the ZTE Accused Products, which the ZTE Defendants know or should know infringe at least claim 1 of the '629 Patent.

136.    Further and in the alternative, at least since the filing and service of this Complaint, the ZTE Defendants have been and now are actively contributing to infringement of at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(c).  The ZTE Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the ZTE Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '629 Patent, knowing the ZTE Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '629 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**B.      Infringement of the '096 Patent**

137.    The allegations of paragraphs 1-136 above are incorporated by reference as if fully set forth herein.

138.    The ZTE Accused Products are covered by at least claim 1 of the '096 Patent.

139.     The ZTE Defendants have directly infringed and continue to infringe at least

claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(a) by, directly or through

intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell

the ZTE Accused Products in the United States, or importing the ZTE Accused Products into the

United States.

140.     Further and in the alternative, at least since the filing and service of this

Complaint, the ZTE Defendants have been and now are actively inducing infringement of at least

claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(b).  The ZTE Defendants' inducements

include, without limitation and with specific intent to encourage the infringement, knowingly

inducing consumers to use the ZTE Accused Products within the United States by supplying the

ZTE Accused Products to consumers within the United States and instructing such consumers

how to use the ZTE Accused Products, which the ZTE Defendants know or should know infringe

at least claim 1 of the '096 Patent.

141.     Further and in the alternative, at least since the filing and service of this

Complaint, the ZTE Defendants have been and now are actively contributing to infringement of

at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(c).  The ZTE Defendants'

contributions include, without limitation, offering to sell and/or selling within the United States,

and/or importing into the United States, the ZTE Accused Products, which constitute a material

part of the invention recited in at least claim 1 of the '096 Patent, knowing the ZTE Accused

Products to be especially made or especially adapted for use in an infringement of at least claim

1 of the '096 Patent, and not a staple article or commodity of commerce suitable for substantial

noninfringing use.

C. **Infringement of the '541 Patent**

142.     The allegations of paragraphs 1-141 above are incorporated by reference as if fully set forth herein.

143.     The ZTE Accused Products are covered by at least claim 1 of the '541 Patent.

144.     The ZTE Defendants have directly infringed and continue to infringe at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the ZTE Accused Products in the United States, or importing the ZTE Accused Products into the United States.

145.     Further and in the alternative, at least since the filing and service of this Complaint, the ZTE Defendants have been and now are actively inducing infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(b).  The ZTE Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the ZTE Accused Products within the United States by supplying the ZTE Accused Products to consumers within the United States and instructing such consumers how to use the ZTE Accused Products, which the ZTE Defendants know or should know infringe at least claim 1 of the '541 Patent.

146.     Further and in the alternative, at least since the filing and service of this Complaint, the ZTE Defendants have been and now are actively contributing to infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(c).  The ZTE Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the ZTE Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '541 Patent, knowing the ZTE Accused

Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '541 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**D.     Infringement of the '012 Patent**

147.    The allegations of paragraphs 1-146 above are incorporated by reference as if fully set forth herein.

148.    The ZTE Accused Products are covered by at least claim 1 of the '012 Patent.

149.    The ZTE Defendants have directly infringed and continue to infringe at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the ZTE Accused Products in the United States, or importing the ZTE Accused Products into the United States.

150.    Further and in the alternative, at least since the filing and service of this Complaint, the ZTE Defendants have been and now are actively inducing infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(b).  The ZTE Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the ZTE Accused Products within the United States by supplying the ZTE Accused Products to consumers within the United States and instructing such consumers how to use the ZTE Accused Products, which the ZTE Defendants know or should know infringe at least claim 1 of the '012 Patent.

151.    Further and in the alternative, at least since the filing and service of this Complaint, the ZTE Defendants have been and now are actively contributing to infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(c).  The ZTE Defendants'

contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the ZTE Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '012 Patent, knowing the ZTE Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '012 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**E.     Infringement of the '844 Patent**

152.    The allegations of paragraphs 1-151 above are incorporated by reference as if fully set forth herein.

153.    The ZTE Accused Products are covered by at least claim 1 of the '844 Patent.

154.    The ZTE Defendants have directly infringed and continue to infringe at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without 511 Innovations's authority, making, using, selling, or offering to sell the ZTE Accused Products in the United States, or importing the ZTE Accused Products into the United States.

155.    Further and in the alternative, at least since the filing and service of this Complaint, the ZTE Defendants have been and now are actively inducing infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(b).  The ZTE Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the ZTE Accused Products within the United States by supplying the ZTE Accused Products to consumers within the United States and instructing such consumers how to use the ZTE Accused Products, which the ZTE Defendants know or should know infringe at least claim 1 of the '844 Patent.

156.    Further and in the alternative, at least since the filing and service of this Complaint, the ZTE Defendants have been and now are actively contributing to infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(c).  The ZTE Defendants' contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, the ZTE Accused Products, which constitute a material part of the invention recited in at least claim 1 of the '844 Patent, knowing the ZTE Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '844 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

## VIII.  CLAIMS – AMS DEFENDANTS

157.    Based on the above-described services and products, 511 Innovations asserts several causes of action against the AMS Defendants.  These causes of action are detailed as follows.

### A.    Infringement of the '629 Patent

158.    The allegations of paragraphs 1-157 above are incorporated by reference as if fully set forth herein.

159.    The AMS Accused Products constitute a material part of the invention recited in at least claim 1 of the '629 Patent.

160.    By virtue of their dealings with JJL, the AMS Defendants know the AMS Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '629 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

161.    By making and/or selling the AMS Accused Products for inclusion in the Samsung Accused Products, the Huawei Accused Products, and the ZTE Accused Products, the AMS Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the AMS Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

162.    For these reasons, the AMS Defendants have been and now are actively contributing to infringement of at least claim 1 of the '629 Patent in violation of 35 U.S.C. § 271(c).

163.    On information and belief, the AMS Defendants' infringement of the '629 Patent has been and now is willful.

**B.    Infringement of the '038 Patent**

164.    The allegations of paragraphs 1-163 above are incorporated by reference as if fully set forth herein.

165.    The AMS Accused Products constitute a material part of the invention recited in at least claim 127 of the '038 Patent.

166.    By virtue of their dealings with JJL, the AMS Defendants know the AMS Accused Products to be especially made or especially adapted for use in an infringement of at least claim 127 of the '038 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

167.    By making and/or selling the AMS Accused Products for inclusion in the Samsung Accused Products, the AMS Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the AMS Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

168.    For these reasons, the AMS Defendants have been and now are actively contributing to infringement of at least claim 127 of the '038 Patent in violation of 35 U.S.C. § 271(c).

169.    On information and belief, the AMS Defendants' infringement of the '038 Patent has been and now is willful.

**C.     Infringement of the '283 Patent**

170.    The allegations of paragraphs 1-169 above are incorporated by reference as if fully set forth herein.

171.    The AMS Accused Products constitute a material part of the invention recited in at least claim 1 of the '283 Patent.

172.    By virtue of their dealings with JJL, the AMS Defendants know the AMS Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '283 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

173.    By making and/or selling the AMS Accused Products for inclusion in the Samsung Accused Products, the AMS Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the AMS Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

174.    For these reasons, the AMS Defendants have been and now are actively contributing to infringement of at least claim 1 of the '283 Patent in violation of 35 U.S.C. § 271(c).

175.    On information and belief, the AMS Defendants' infringement of the '283 Patent has been and now is willful.

**D.      Infringement of the '955 Patent**

176.    The allegations of paragraphs 1-175 above are incorporated by reference as if fully set forth herein.

177.    The AMS Accused Products constitute a material part of the invention recited in at least claim 1 of the '955 Patent.

178.    By virtue of their dealings with JJL, the AMS Defendants know the AMS Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '955 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

179.    By making and/or selling the AMS Accused Products for inclusion in the Samsung Accused Products, the AMS Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the AMS Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

180.    For these reasons, the AMS Defendants have been and now are actively contributing to infringement of at least claim 1 of the '955 Patent in violation of 35 U.S.C. § 271(c).

181.    On information and belief, the AMS Defendants' infringement of the '955 Patent has been and now is willful.

**E.      Infringement of the '096 Patent**

182.    The allegations of paragraphs 1-181 above are incorporated by reference as if fully set forth herein.

183.    The AMS Accused Products constitute a material part of the invention recited in at least claim 1 of the '096 Patent.

184.    By virtue of their dealings with JJL, the AMS Defendants know the AMS Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '096 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

185.    By making and/or selling the AMS Accused Products for inclusion in the Samsung Accused Products, the Huawei Accused Products, and the ZTE Accused Products, the AMS Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the AMS Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

186.    For these reasons, the AMS Defendants have been and now are actively contributing to infringement of at least claim 1 of the '096 Patent in violation of 35 U.S.C. § 271(c).

187.    On information and belief, the AMS Defendants' infringement of the '096 Patent has been and now is willful.

**F.    Infringement of the '541 Patent**

188.    The allegations of paragraphs 1-187 above are incorporated by reference as if fully set forth herein.

189.    The AMS Accused Products constitute a material part of the invention recited in at least claim 1 of the '541 Patent.

190.    By virtue of their dealings with JJL, the AMS Defendants know the AMS Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '541 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

191.    By making and/or selling the AMS Accused Products for inclusion in the Samsung Accused Products, the Huawei Accused Products, and the ZTE Accused Products, the AMS Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the AMS Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

192.    For these reasons, the AMS Defendants have been and now are actively contributing to infringement of at least claim 1 of the '541 Patent in violation of 35 U.S.C. § 271(c).

193.    On information and belief, the AMS Defendants' infringement of the '541 Patent has been and now is willful.

**G.    Infringement of the '012 Patent**

194.    The allegations of paragraphs 1-193 above are incorporated by reference as if fully set forth herein.

195.    The AMS Accused Products constitute a material part of the invention recited in at least claim 1 of the '012 Patent.

196.    By virtue of their dealings with JJL, the AMS Defendants know the AMS Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '012 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

197.    By making and/or selling the AMS Accused Products for inclusion in the Samsung Accused Products, the Huawei Accused Products, and the ZTE Accused Products, the AMS Defendants, directly or through intermediaries, have been and now are purposefully and

voluntarily placing the AMS Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

198.    For these reasons, the AMS Defendants have been and now are actively contributing to infringement of at least claim 1 of the '012 Patent in violation of 35 U.S.C. § 271(c).

199.    On information and belief, the AMS Defendants' infringement of the '012 Patent has been and now is willful.

**H.    Infringement of the '844 Patent**

200.    The allegations of paragraphs 1-199 above are incorporated by reference as if fully set forth herein.

201.    The AMS Accused Products constitute a material part of the invention recited in at least claim 1 of the '844 Patent.

202.    By virtue of their dealings with JJL, the AMS Defendants know the AMS Accused Products to be especially made or especially adapted for use in an infringement of at least claim 1 of the '844 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

203.    By making and/or selling the AMS Accused Products for inclusion in the Samsung Accused Products, the Huawei Accused Products, and the ZTE Accused Products, the AMS Defendants, directly or through intermediaries, have been and now are purposefully and voluntarily placing the AMS Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in this District.

204.    For these reasons, the AMS Defendants have been and now are actively contributing to infringement of at least claim 1 of the '844 Patent in violation of 35 U.S.C. § 271(c).

205.    On information and belief, the AMS Defendants' infringement of the '844 Patent has been and now is willful.

## IX.  VICARIOUS LIABILITY

206.    The allegations of paragraphs 1-205 above are incorporated by reference as if fully set forth herein.

207.    In addition to liability for its own independent conduct, each Defendant is also liable for the conduct of its subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## X.  NOTICE AND MARKING

208.    The allegations of paragraphs 1-207 above are incorporated by reference as if fully set forth herein.

209.    At all times, each and every patentee of the Asserted Patents, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under any of them, has complied with the marking requirements set forth in 35 U.S.C. § 287.

210.    At least by filing and serving this Original Complaint for Patent Infringement, 511 Innovations has given each Defendant written notice of its infringement.

# XI.  DAMAGES

211.    The allegations of paragraphs 1-210 above are incorporated by reference as if fully set forth herein.

212.    For the above-described infringement, 511 Innovations has been injured and seeks damages to adequately compensate it for each Defendant's infringement of the Asserted Patents. Such damages, to be proved at trial, should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

# XII.  PRAYER FOR RELIEF

511 Innovations respectfully requests the following relief:

a.    A judgment in favor of 511 Innovations that each Defendant has infringed each of the Asserted Patents, whether literally or under the doctrine of equivalents, as described herein;

b.    A permanent injunction enjoining each Defendant, its respective officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and all products and services embodying the inventions claimed in the Asserted Patents;

c.    A judgment and order requiring each Defendant to pay 511 Innovations its damages, costs, expenses, and pre-judgment and post-judgment interest for each Defendant's infringement of the Asserted Patents as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

d.    A judgment in favor of 511 Innovations that the AMS Defendants' infringement of the Asserted Patents was and is willful;

e.      A judgment and order requiring the AMS Defendants to pay 511 Innovations treble damages for the AMS Defendants' willful infringement of the Asserted Patents as provided under 35 U.S.C. § 284; and

f.      Such other and further relief as the Court deems just and proper.

### XIII.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), 511 Innovations requests a jury trial of all issues triable of right by a jury.

Dated:  September 14, 2015                    Respectfully Submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff 511 Innovations, Inc.*